Dear Mr. Fry:
This office is in receipt of your opinion request under letter dated October 12, 2006. The opinion request has been assigned to me for research and reply.
Your request for a Letter of Advice posed the following questions:
 1) Is Act 557 of the 2006 Regular Legislative Session valid as written, based on the fact that a federal rule was enacted prior to the enactment and effective dates of Act 557 of 2006?
 2) Is Act 557 of the 2006 Regular Legislative Session valid as written, based on the fact that it does not specify a standard by which retailers (and manufacturers) are to comply and by which the State Fire Marshal's Office is to enforce?
With respect to the first question, Act 557 of the 2006 Regular Legislative Session (LSA-R.S. 40:1614), according to its own provisions, specifically with respect to the sunset provision in subsection(D), was null and void upon its enactment. Subsection D of LSA-R.S.40:1614 specifically states that:
 Upon the enactment of a federal statute, rule, or regulation which requires that mattresses and box springs be flame resistant, this provision shall be null and void.
The legislation that became Act 557 was signed by the Governor on June 23, 2006. The federal rule to which subsection D of LSA-R.S.40:1614 is applicable is 16 CFR 1633, the Standard for the Flammability (Open Flame) of Mattress Sets. 16 CFR 1633 was promulgated on March 15, 2006, prior to the state law. Thus, the state law was null and void upon its enactment.
Based on the above conclusion that Act 557 was null and void on its face upon enactment, the second question becomes irrelevant.
We hope this interpretation of the law will be helpful to you. The opinions of this office are not binding, but are solely advisory in nature. Should you have further inquiries regarding this matter, please contact our office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:_______________________
 R. Sara Kakar
 Assistant Attorney General